```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   SOUTH BEND DIVISION
```

LEE PORTER,                    )
                               )
Petitioner,                    )
                               )
vs.                            )          NO. 3:07-CV-126
                               )
WILLIAM WILSON,                )
                               )
Respondent.                    )

## OPINION AND ORDER

This matter is before the Court on the Petition Under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a Person in State Custody Seeking Review of a Prison Disciplinary Sanction, filed by Petitioner, Lee Porter, a *pro se* prisoner, on March 23, 2007. For the reasons set forth below, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

DISCUSSION

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Section 2254 Habeas Corpus Rule 4.

Porter raises three intertwined grounds attempting to challenge his 55 day loss of good time and his demotion to credit class III on July 28, 2006 by the Westville Correctional Facility Disciplinary Hearing Board (DHB). At that hearing he was found

guilty of violating a Federal, State or Local law in violation of A100.

First, Porter argues that he could not be found guilty of stalking because he was not in a prohibited location. Porter misunderstands the charge of stalking. He was not charged with being in an unauthorized area and stalking does not require being in an unauthorized area. Indiana defines stalking as

> a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened.

I.C. § 35-45-10-1. Based on this definition, it is irrelevant where Porter was. Outside of a prison, stalkers commonly operate in public places where they may otherwise lawfully be, such as grocery stores, parks, sidewalks, or parked cars. So too, in prison, it is not necessary to be in an unauthorized location to be guilty of stalking.

Second, Porter argues that the decision maker was biased because the DHB did not properly weigh the facts of his case. At its core, this is merely a restatement of his first ground, but it also misunderstands the requirement of impartiality. *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires an impartial decision maker and this right is violated when the decision maker is substantially involved in the investigation of the charges against the inmate. *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) ("[I]mpartiality mandates the disqualification of an official who

is directly involved in the incident or is otherwise substantially involved in the incident . . .."). Being found guilty is not a basis for alleging bias. Neither is arguing that the case was wrongly decided.

Third, Porter synthesizes his first two arguments when he re-argues that the decision maker was not impartial because the DHB did not properly weigh the fact that in prison, an inmate cannot move from one place to another without permission. As previously explained, neither of these arguments have any merit.

CONCLUSION

For the reasons set forth above, the habeas corpus petition is **DENIED** pursuant to Section 2254 Habeas Corpus Rule 4.

**DATED: May 25, 2007**               /s/RUDY LOZANO, Judge
                                      **United States District Court**